This case holds up to the 18-0662-339-107, the City of Highland Park Defendant's Association. I turn it on behalf of the Defendant's Association to direct the process. I turn it on behalf of the Defendant's Association to provide the evidence. Good morning, Your Honors. My name is Brett Cronson. I represent Demetrius Bryan, the Petitioner Appellant. May it please the Court. This is a case... Mr. Cronson, before you begin... Yes, sir. We granted your motion to file your reply brief and standard. But I want to remind you that your statement of good cause was thin. You have to be specific and give specific reasons for good cause. We were about to not grant your motion because it was... Not only was it late, your demonstration of good cause was thin. But in the interest of justice, we allowed you to file your reply brief. So in the future, please follow the rules. Understood, Your Honor, and I appreciate the exception that you made. Regarding the case today, this is a case where the facts of the case are not contested. They are agreed by the parties. And so this is before the Court today to be decided as a matter of law de novo. There are a small number of issues in the case, and they all stem from the same set of documents. The documents themselves are carbon copies of one another. Those documents are the notice provided to the motorist on the night of his arrest, and the copies of the law enforcement's form to the Court. Is a deficient notice or incomplete notice a ground to rescind a summary suspension under Section 218.1? Under the section itself, it is not specifically enumerated as a reason to rescind. However, it has been held before that courts will look at defective notice, even written defects in notice, as stated in People v. Osborne. They will consider written defects in notices when deciding whether or not a rescission should be granted. Now, wait a minute. With respect to Osborne, that case is very different than this, is it not? The notice was never served in Osborne. I agree with the notice. And there, the Court reasoned that until the defendant was served with notice, there could be no suspension that the Secretary of State would be able to institute or impose or confirm, correct? Yes, that is correct. So how is that any precedent for what you're arguing here and what these facts are? Well, so the basis of the decision, I do agree, was based on a not served notice. There is dicta in that case that does state that written defects in the notice are to be considered. The quote is, where, through an uncorrected administrative error, the notice for the date of April 11th, whereas the breathalyzer test was not given until shortly after midnight on the next day, April 12th, the notice would be defective and would not support a denial of the defendant's petition. That was not the basis of the decision. However, that is part of the decision. But then again, you have People v. Lent that talks about defective service of the notice is not one of the bases for rescission. And what we really look to under 118.1B is whether the defendant was denied due process, whether the defendant was denied a substantial right. Now, here your client received a warning to motorists and then received the notice. So your client knew that his license was going to be suspended. Your client knew that it was going to be suspended in 46 days, and he knew that he had to file a petition to rescind within 90 days. So tell me how that defective notice in this case that was served upon him would form the basis of rescission as a violation of due process. Well, just parsing out the notice itself, it is not entirely clear whether the defendant knew that he was going to be suspended. It is also possible that because none of the boxes were checked indicating whether he was going to be suspended or revoked, he may not have known whether he was going to be suspended or revoked or for what duration, what time period. Well, I know he wouldn't know what duration. So, I mean, that's an issue. The issue is, I mean, is that conclusive? If I walk out of the police department knowing that I'm going to be suspended, and this says you're going to be suspended and it's going to take effect on the 46th day, I don't know how long it's going to be. I mean, is that a violation of due process just because I don't know how long, whether it's going to be 6 or 12 months? I know I've got to do something within 90 days to stop it from happening. I do think that is something that can be considered. I do also think that it has a potentially detrimental effect on the motorist who receives it, especially in terms of just evaluating what is at stake when you take it to a practitioner such as myself. Our evaluation of your case changes based on what we see in that notice that is given to the motorist. How does the warning play into it? I mean, the warning tells you if you refuse, it's going to be 12 months. And, I mean, theoretically, your client would have known whether he refused or not. So how does that play into the notice here? Well, so the warning to motorists? Yeah. The warning to motorists, we're not actually contending. No, I understand that, but he received it. You're not contending he didn't receive it. No. He received a warning to motorists before he blows or refuses, and in that warning, it's pretty explicit that if you refuse, it's 12 months. So he would have known walking out of the police station, I refused, I got the notice, it's going to be suspended in 46 days, it's probably 12 months because I refused. I know I refused. Well, so our contention, and again, as you just said, it's probably 12 months because I refused. Our contention is that it should not be left up for the motorist to deduce from the paperwork what the potential ramifications are of the issuance of the Notice of Summary Suspension. It should be made clear. It should at least be held to the same standard that the law enforcement sworn report is held to when a Secretary of State issues a suspension. Logic would dictate that these blanks exist for a reason. If this notice had been sent to the Secretary of State, which it wasn't in this case, but had it been sent to the Secretary of State, it would have been insufficient for a Secretary of State to issue a valid suspension. Our contention is those two things should be the same. Are those boxes mandated by statute? No, anything on the form is not specifically addressed by the statute. As a follow-up to what Justice Brooks said, this is not required by statute. The warning to motorists is, as well as the notice. Yes. So this is just an additional service to, for the sake of a better word, to motorists who are arrested for DUI. Yes. To let them know, by the way, this is what you'd be facing. And our interpretation, and we would suggest that this should be the court's interpretation. Isn't that for the General Assembly to decide whether or not, based on policy, that there should be an additional, that this should be required by law, as opposed to just the discretion of the individual police departments? Yes. So our assertion is that when the statute, what is mandated by the statute, that notice be provided immediately. Our assertion is that this is not sufficient notice. Well, it says notice of summary suspension, revocation given on, and that was filled in for 818. So he was given the notice. Yes. So he did receive a document that has the words notice of summary suspension on it with a date. Our contention is that that is not what the General Assembly intended when they provided all these blanks. If they just wanted it to be a card that says notice with a date on it, they would have designed it in that way. Well, there's no standard form that the legislature has given or provided for this notice. We have this standard form here. But as Justice Burkett asked, I mean, there is no requirement set out as to what needs to be filled out. No. There is never anything in any body of law that we have been able to find that specifically enumerates exactly what constitutes sufficient versus insufficient notice. Right. Go ahead. I'm sorry. He wasn't given, there is no requirement that he be given the law enforcement officer sworn report, right? No, there is no requirement. Okay. But he was given the notice, and you agree? He was given a notice, yes, an incompletely filled out notice. But yet he was, he had actual notice that he might be suspended, and he was able to file a petition to rescind the statutory summary suspension. He was able to file that. We do not, I mean, we would assert that his filing of the petition to rescind is not per se proof of proper notice. It's been held previously that. Well, how is it a violation of his due process? Our interpretation of it is that the notice he received was improper, it was defective, and so therefore he was not on proper notice. Based on what authority? Well, this is simply our assertion. We do not have, there is no authority. You don't have any authority for your assertion. There is no authority that governs exactly what constitutes sufficient or insufficient notice. Your theory is that the notice should put the motorist on notice. On actual proper and complete notice. What you're potentially facing so that he can adequately prepare, obtain counsel and not go in there per se, but be ready for the consequences. Yes, that is our contention. The crux of that argument, then, is really just the checking of the boxes, not the not filling out these two place and date, right? It's in totality. But, I mean, what difference does the place or date have? The date, I understand that there is a date at the bottom right as well, but we just believe that those blanks exist for a reason and that that's where the information belongs to put someone on complete and proper notice of everything. It is possible that the bottom right date is not specific as to whether that's the arrest date, whether that is the test date, that the refusal or test date is specific. So it is possible that a report that is an arrest that takes place just before midnight on one night could have the date in the bottom right as 4-8-18, whereas the refusal date was actually 4-9-19, and that could affect the suspension. But the notice was 4-8-18. Yes. So why would you have a refusal after the notice? Why would you give someone notice of a summary suspension before they refuse or take the test? I'm simply theorizing that it is possible that the bottom right date, which does not have a requirement for it, it's not a specific date. Right, I'm not worried about the bottom right date because you have on here the notice date, which is the crux of Palacios and all these other cases that, again, deal with sworn report, not notice, but that's the main date is the notice. Right. So what we are requesting the court consider today is that, and this is one issue in our case, I wouldn't even refer to it as the main issue, but it is one issue in our case, is that the notice at least meet the standards that the Secretary of State requires in order to issue a bail suspension. I think the bigger issue in our case, if I may turn to the swearing of the law enforcement's sworn report, is the manner in which it was completed. Well, let me just mention procedurally, this issue doesn't really appear in the record until your motion to reconsider in front of the trial court. Isn't that correct? Which issue? The improperly sworn report. I believe we included this in our main brief, the improper sworn report. But below, below, in front of the trial court, was this raised initially or it was part of, according to the agreed statement of facts, this issue came up in the motion to reconsider? This issue was in front of the trial court in as much as we, Officer Norton, the arresting officer, was questioned about the manner in which the sworn report was filled out. He was questioned about who later provided the information. He was unable to say who later provided the information. This was information that was provided. So you're saying this was raised in front of the trial court before your motion to reconsider? It was specifically ruled on by the trial court that, I believe the quote was, it is not a consideration for this court whom filled out whose sworn report it was. It was questioned of Officer Norton who provided the information and when the information was provided on the sworn report. He, Officer Norton himself, stated it was filled in later, after he had affixed his signature to it. He doesn't know who filled it out. He doesn't know if it was an officer, a member of the clerical staff, or whom. And then that information was sent in. He didn't say, according to the agreed statement of facts, he didn't use the words clerical staff. My recollection is that he said he wasn't sure if he or someone else filled it in. He was not sure who filled it in. He doesn't know if it was himself. Let me ask you this. Why can't a police officer attest to information in his sworn report that he may not have filled out, but he personally has knowledge and he was a witness to the events or circumstances described in the report? Based on his testimony, he was not a witness to the event. He was not a witness to who filled it out. He was not a witness to when it happened. The events are the arrests, the circumstances giving rise to the arrests. Our contention is that any information that was provided after Officer Norton affixed his signature to it, any information that was provided after that is not sworn information. In order for that to be properly sworn information, the police station had two options available to it. They started the form anew and served it via mail, as the box on the form suggests, the options of service. The certification says, under penalties as provided by law pursuant to Section 1109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct. I think that really reinforces Justice Burkett's point in question, does it not? He is certifying that the information that's in here is true and correct. May I answer your question? Yes. That signature that was provided on that was provided prior to the later provided information. And so that combined with the clear differences in the handwriting. Excuse me. You said this signature on here was provided later? I'm sorry. This signature was provided prior to the later provided information. So this signature is swearing to all of the information that was on the document that he had completed. The information that was provided later is not sworn to. There is no later signature. Their procedure at that point should have been to either have Officer Norton write on the sworn report that he adopts the later provided information, or to start a new law enforcement sworn report, fill it out in completion, and then swear to that information. Officer Norton only swore to the information that you can see reflected in the notice. He was not able in his testimony to explain, to properly recall exactly how the rest of the information was provided. Well, let me ask you this. The information that is provided in the report is consistent with his testimony, is it not? It is consistent with his testimony. Okay. So if he presumably, the information that was in his testimony that's in the sworn report was provided to another officer who put this in the sworn report that the officer. That officer would then have needed to swear to that information that he provided. Whoever later provided that information must swear to it. Whatever information was provided on their after Officer Norton's signature is unsworn information. You would agree that the Secretary of State could process this sworn report without the place or the refusal date? I mean, but I mean. That I don't. But you would need. You always need the notice date. That's clear under Palacios. Yes. And then you'd probably need to know how long it's going to be. Yes. Okay. So I couldn't theorize as to whether or not that would be for the Secretary of State. And I do believe the Secretary of State issued a suspension in good faith in this case. It's just based on an improperly sworn document. Thank you. You'll have time on report, Mr. Ponson. Thank you. Mr. Smith. Good morning, Your Honors. May it please the Court, my name is Brian Smith representing the City of Petaluma Park. Before Your Honors is going. Can we start with the last issue that we just went over with the sworn report? Of course, Justice Breyer. All right. Do you agree that the record, as presented to this Court, is clear that Officer Norton signed the sworn report and swore to it, and then after that fact, after he did that, information was added, specifically the place of refusal, refusal date, and then how long the suspension is going to be. He did indicate that, yes, the additional information was not present on the notice. They're essentially carbon copies, but they're obviously not exactly the same form. The notice form that the petitioner got was missing that information. He signed that form prior to that other information. We don't know. Either he or someone else, unknown to him at this point in time, put information in a sworn report after he swore to it. Correct. His knowledge of it was that he wasn't sure. I think Justice Enoff had that corrected. His assessment was that he wasn't sure if he was the one who added it or not, but he couldn't say for certain at that point. Well, whose burden would it be at that point in time? Has the defendant created enough of an issue with an alleged defective sworn report to then shift the burden back to you to prove that either Officer Norton filled it in himself or he somehow affirmed what was filled in before he sent this off to the Secretary of State? I don't believe so. I think at that point the burden is on the petitioner to present information or raise some doubt. If you go a little further in this case, the way the record was created, that the officer didn't know if the information was correct. There was casting doubt on the information itself, and there's probably a distinction here between the officer who put the information in and then what the information itself, the substance of the information was. So as long as the information is correct, the officer doesn't have to swear to it? Well, I think the officer swore to the parts that were given to the – Well, let me ask you this. I mean, would you agree that the Secretary of State would need to know in order to issue this? Under placios, you have to have certain information in here for the Secretary of State to issue a valid suspension. The Secretary of State would – and, again, the two blanks that are missing may or may not have import. But the Secretary of State definitely, in order to issue a suspension, would need to know the date of the notice of refusal, the date of the notice of summary suspension, and whether the person refused or blew over a .08, correct? In the sworn report, yes, correct. Right. And in this situation, the Secretary of State, if this was sent in the way Officer Norton originally swore to it, this would be a defective sworn report. Yes, so if I'm remembering correctly, I don't think there would have been the information in the boxes regarding the potential length of suspension. I think that goes, just spurred to our argument, that I think the petitioner is asking for a little too much detail here over what would require under their theory of how notices should be given because even the Secretary of State in getting the sworn report does not get a specific length of suspension. It's a potential length of suspension because they have – the only Secretary of State is then going to determine if the conditions exist such that, for example, a refusal is a one-year suspension or is it a three-year suspension. I think what the petitioner was arguing for is that he should know, on the time of suspension, exactly how long he's supposed to be suspended. We're talking about Abelson Orange's note. That's his first argument on the notice. I'm focusing only on whether this is a defective sworn report, which under place seals would then cause a rescission. I would argue that it's not, but only because there was a burden on the voters at that point to raise an issue of whether or not the information itself is somehow defective so that if the Secretary of State took the information that it was given, in this case the sworn report, and that that was somehow – he was suspended in error because that would be the due process violation is he's suspended in error. No, he was suspended based on information that was not sworn to. I mean, there's a reason for a 1109 certificate on the bottom of this form. And if he is suspended based upon information that has not been sworn to by a law enforcement officer, would you agree that that's an invalid suspension? It could be. I think here the timing of the hearing took place after the date of the suspension. The suspension had already commenced at the time of the hearing. So I suppose the next question would logically be why did the officer swear to it at the hearing, but at that point the suspension had already begun. Right, which is exactly what I'm asking. So he was suspended. Let me just ask you this. Let's say the Officer Norton sent this report to the Secretary of State with the blanks missing, okay? And the Secretary of State just took it upon himself to issue a 12-month suspension. That would be an invalid suspension because it's based on a defective sworn report, correct? Correct. Okay. So why is that situation different than what we have here? I mean, the box is checked before it goes to the Secretary of State, and the Secretary of State is issuing a suspension based upon that box being checked. Whether it's three years or a year, you've got to know whether it's a refusal or not. Right. So if that's not sworn to, if that part of the form is not sworn to under 1109 as required, why is that not an invalid suspension based upon a defective sworn report? Well, because at that point I suppose the Secretary of State at that point doesn't know one way or the other. Then it comes back to the trial court for the hearing, and I think at that point my argument is that the record wasn't developed at that point, that it was, in fact, erroneous information such that it wouldn't be a basis for a suspension. I mean, I'm sorry for overstatement. Again, I don't want to beat a dead horse, but whether there's erroneous information, this box being checked is probably not erroneous. Based on everything we know, you know, apparently the client or the defendant refused. This was the appropriate box to be checked and all that. It's not erroneous. It's a correct checking of a box. The issue is whether it's a checking of a box by someone who has sworn to it, which is required. At that point, I would concede that Officer Norton testified he did not know that he was the one who checked that box, so his signature may have been found. Do we know who filled in the narrative? No, that's not in the record. We don't know. We don't know. Whose burden is it to show if there's a defection or a defect? The motorist's. Pardon me? The motorist's petition. I think that, again, goes across to that part of the argument, it's just that it wasn't further developed. Your point is the burden never shifted to the village? Yes. And I think as to the broader sort of perhaps argument here is to go back all the way to Batchelder about the heart of the process being a pre-suspension hearing. The motorist's petitioner here had the opportunity for a pre-suspension hearing. He filed his petitioner's sin prior to the date of suspension. He received notice, I think it was conceded here, it was conceded here this morning that he did receive a notice from us. This isn't similar to Osborne where there was no notice or even Palacios where there wasn't sufficient information on the sworn report to suspend him. I think these two, the sworn report and the notice have been somewhat conflated here, and I think maybe it's acknowledged that the General Assembly does not require a specific form for the notice. There is the form we see here that's essentially a carbon copy of the sworn report and the notice. There's nothing requiring that that information certainly be on the notice, and perhaps, as Mr. Gronson and I discussed sometime after this hearing, maybe it's better practice to have a three-by-five index card that simply tells the defendant what's their name on it and says you were arrested on X date and served with notice. On said date, you're facing suspension within 46 days. You have 90 days to file your petition to rescind. That's all that 11501.1 requires, and I think maybe that's certainly seen a number of cases going through drafting a brief for this appeal. That seems to be the biggest problem is these forms are so similar, and perhaps, again, that would go to the General Assembly or just police practice. You know, the state police is the one that promulgated this form, would be to have either a mandated form under the statute that there needs to be a particular form for the state police to take on themselves or individual departments to create a small kind of notice form that is clearly distinct from the form report. So in situations like this, often it's a matter of it's 3 in the morning, we're finishing paperwork, and there's an oversight, and the notice is given to the motorist prior to not being completely filled out. But in this case, for example, there being enough notice that he knows what his notice date is and what he needs to do to comply to file this petition to rescind if he wishes to. But I suppose that's more of a procedure issue. It's not an issue before this morning. I think it's just to look at what the petitioner is arguing here that there's requirements here. I think they're reading into the statute. Again, all that's required is that there be notice that it's 46 days until suspension, 90 days to file a petition to rescind. If you have that, and you have your ability to go with that, you get a pre-suspension hearing to file for one. The statute doesn't have that. Well, I was just going to underscore, I mean, if you would agree, would you not, I think I heard you say, if we have a pre-printed form that was created by the Illinois State Police where there are tear-offs and the notice is part of the same set of documents that's being filled out simultaneously as the sworn report, then the police really have to be careful in how they utilize it. Isn't that correct? And that it is fully and completely filled out. Certainly. And I think, again, that's maybe why it would be beneficial to create a separate document that looks just visually distinct for the purpose of this and maybe gives them less time to fill this out. Although, to more directly answer that question, I suppose, although it is a physical carbon copy of the document, it is a different document. I think that's the distinction here is that the notice, while it has almost all of the same pre-printed information on it that the sworn report does, the law doesn't require the same things for it. So, yes, of course, the officer should be careful with this. I spoke to the officer after the hearing in this particular case of making sure we complete all the information. If you're going to tear off sheets and hand them out, fill out the entire thing first. But as far as the legal requirements, I don't think this is. Thank you. Thank you. Mr. Croson. Thank you, Your Honor. I'd like to keep my rebuttal brief. I think the critical issue in this case, and Justice Burke addressed this, is that what we have in this case is a sworn report that was relied upon by the Secretary of State in good faith in issuing a suspension that was, at the time of its swearing, missing information critical to issuing a legally enforceable suspension. Excuse me. Yes. The sworn report wasn't missing that. It was the notice. Those are two labeled differently, are they not? One says notice, pre-printed. The other says sworn report. So maybe I didn't hear you correctly. I may have misspoke. It's at the time that it was sworn to by Officer North when his signature was affixed to it. That's not what the Secretary of State received. They got the copy of the sworn report. And, by the way, that copy of that sworn report sent to the Secretary of State we don't have in the record, do we? I don't believe we do, no. That's never sent back to the trial court. But you didn't get a copy of that for purposes of your litigation? We didn't. But what we do have is evidence provided by Daniel Norton, the arresting officer, that he affixed his signature to the law enforcement sworn report as he was filling it out. We have the notice that was given to the motorist, Demetrius Bryan, that is lacking information. It's already containing Officer North's signature. So we know the state that it was in when it was handed to Mr. Bryan is the state it was in when he affixed his signature to the law enforcement sworn report. That is at that time when he swore to that information. It was missing critical information that the Secretary of State would have needed. Excuse me. What the Secretary of State would have needed? To suspend him. What was that information that they would have needed to suspend him? The box checked the duration and the reason for the suspension. It was missing that information. They didn't just need the date that the notice was given? April 8th? And the date of the arrest? They had that. That is information they also needed. Well, they had it in the notice, right? And so, therefore, it was on the sworn report at the time Officer Norton signed it. The date of the arrest, yes, is listed on. And the date the notice of summary suspension was given? Yes, that was also on. Right. But not the duration. The box was not checked listing the duration or the reason for it. It says minimum of 12 months. Yes. There were no boxes checked. When the Secretary of State did eventually receive it, everything as far as the Secretary of State could possibly tell was correct. They issued a suspension, I believe, in good faith. But the information that they received was not information that was properly sworn. The information that Daniel Norton swore to was not on the document at the time that he swore to it that the Secretary of State eventually relied on. Well, again, if he's in control, the information is going to go into that document, which you conceded the testimony is the same as what's in the sworn report, correct? You said earlier, yes, that's a reflection of his testimony, right? Yes. So what's the impediment of filling out the partial form to provide the motorist with notice and then finishing the sworn report that has to go to the Secretary of State as you're completing your shift or you're dealing with other subjects? For example, if you're familiar with what goes on in police departments, you're handling one case, maybe the next case, and you're as a service, here's the notice. You get locked up until you post bond, and you go on and finish your business for the night. But as it turns out, when you fill out the form report, the motorist doesn't have all that information. He just has what's necessary in order to be on notice to file his petition. Yes. But you're saying the law should require a full and complete form? The notice. Yes. That is one thing we would like the court to consider. I would also say that the harm in this case is that since Officer Norton, because Officer Norton was unable to say who provided that checkmark and who provided the information later. Well, he provided the information because that's the information that led to the arrest, right? He may have provided information, but he is not the one who swore to it. The information that was put on him. We don't know who swore to it. Exactly. I mean, it could have been him. He didn't say it wasn't me. He said, I don't know. But the fact that he doesn't know, I think, is a. . . And your argument is that you shifted the burden back to the city. It was incumbent upon the city to show who put this in and under what circumstances in order to satisfy 1109. I think it should be the officer's and the state's or the city's burden to prove that this was a properly sworn document. Well, it's their burden after you shift the burden to them. I mean, they don't have a burden walking in the door. And I believe we shifted that burden to them. By presenting this document that was partially filled out. And when he said that he doesn't know whether it was him or someone else, I believe, yeah, we did shift that burden. With respect to the issue with regard to the noncompliance with 109 of the Civil Practice Act, your agreed statement of facts indicates that that issue was raised in the motion to reconsider. I don't believe I see anything in this agreed statement of facts that it was raised any earlier. That it was in noncompliance with the Civil Practice Act? That the document as submitted to the Secretary of State was not in compliance with the requirement that the information supplied was in compliance with Section 109 of the Civil Practice Act. That's in the paragraph that starts, this matter came again before the court on July 20th on a hearing for petitioner's motion to reconsider. That's not mentioned at any other time in the agreed statement of facts. I believe that the issue was raised at the hearing. It may not have been specifically using those words, but the fact that the authenticity of the swearing to the document was questioned about from the officer raises that question. And that, we only have one transcript, right? We have the agreed statement of facts. Well, the agreed statement of facts and then there's a transcript of his testimony, of Brian's testimony. We do not have any transcripts of the case. Okay. Okay. Thank you. Thank you. We thank both parties for interesting arguments this morning. The court will take the case under advisement. A written decision will be issued in due course.